IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:23-CV-00029-BO-RN

| | |
|---|---|
| GB GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **STIPULATED PROTECTIVE ORDER** |
| | ) |
| AMERICAN TRANSPORTATION | ) |
| GROUP INSURANCE RISK | ) |
| RETENTION GROUP, INC.; | ) |
| PALMETTO CONSULTING OF | ) |
| COLUMBIA, LLC; MICHAEL DAVID | ) |
| HUNTER; AND MATTHEW ALAN | ) |
| HOLYCROSS, | ) |
| | ) |
| Defendants. | ) |

Pursuant to Fed. R. Civ. P. 26(c)(1), and upon stipulation and for good cause shown, it is hereby ORDERED that:

1. Plaintiff GB Group, LLC. ("GB Group"), Defendant Bulldog National Risk Retention Group, Inc., f/k/a American Transportation Group Insurance Risk Retention Group, Inc. ("Bulldog"), Defendant Palmetto Consulting of Columbia, LLC ("Palmetto"), Defendant Michael David Hunter ("Hunter"), and Defendant Matthew Alan Holycross ("Holycross") (collectively, the "Parties"), in order to protect confidential business, proprietary, financial, personal and/or trade secret information, while consistent with the public's right to access the Court's records and processes, stipulate that the following terms and conditions shall govern the disclosure and use of confidential information in this case (the "Protective Order").

149532118.1

2. This Protective Order, which includes the incorporation of the applicable sections of the CM/ECF Policy Manual and Local Rule 79.2 shall govern the handling of all Documents provided to a Party by a Subject Person. In the event of a conflict between this Protective Order one the one hand and either the CM/ECF Policy Manual or Local Rule 79.2 on the other, the latter shall control. This Protective Order also shall govern the handling of any and all Documents previously exchanged between the Parties, to the extent a Producing Party designated the previously exchanged Documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" relating to the underlying claims and defenses at issue in this case, and supersedes any prior confidentiality agreements concerning the exchange of such Documents.

3. As used in this Order, "Subject Person" means any Party, Producing Party or any other entity or person making itself subject to this Order by signing an Acknowledgment in the form attached here as Appendix A.

4. As used in this Protective Order, "Document" shall include the documents, information and materials listed in Fed. R. Civ. P. 34(a)(1), including any documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any responses to written discovery and any deposition testimony.

5. As used in this Protective Order, "Producing Party" means any Party or non-party that discloses or produces any Document in this case, including any Subject Person.

6. As used in this Protective Order "Outside Counsel" means counsel who appear on the pleadings as counsel for a Party, Producing Party or Subject Person and any partners,

2

149532118.1

associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

7. A Producing Party disclosing Documents in this action may designate all or a portion of those Documents as "Confidential" or "Highly Confidential- Attorneys' Eyes Only." Such a designation shall constitute a representation by the Producing Party that it believes in good faith that the Document so designated contains trade secret or other confidential research, development or commercial information, not generally known to the public whose unrestricted disclosure could cause competitive or other injury, or annoyance, embarrassment or oppression to the disclosing Producing Party, or other information protected from public disclosure by statute or regulation or otherwise under applicable law. Producing Parties shall reasonably limit in scope all "Confidential" and "Highly Confidential –Attorneys' Eyes Only" designations.

8. A Producing Party designating Documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall do so in any way reasonably calculated to advise any other Subject Person of that designation, including but not limited to by:

    a) During a deposition, indicating on the record that certain testimony is designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only;"

    b) After a deposition, notifying all parties in writing no later than fourteen (14) days from the date of delivery of the transcript by the reporter that certain testimony is designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only;"

    c) Affixing appropriate labels to such designated Documents; or

d) Designating specific Documents as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" in correspondence provided to the Parties.

For a period of fourteen (14) days from the date of delivery by the reporter, Subject Persons shall treat each deposition transcript as "Highly Confidential –Attorneys' Eyes Only" in its entirety.

9. Subject Persons receiving "Confidential" Documents may disclose these Documents only to:

a) Outside Counsel and in-house lawyers, including secretaries, paralegals and document clerks;

b) Each Party, and any current or former director, officer, member, partner, employee, agent, representative or affiliate of a Party that is involved in this matter as part of his or her responsibilities in the ordinary course of business or who is requested by that Party or any of its attorneys to provide work or services related to this case;

c) Insurers, accountants, auditors, independent consultants or regulators to whom a Party may be required to respond or report in their ordinary course of business regarding the case or proceedings arising out of or related to the case;

d) Experts, whether or not employees or officers of the Parties, specially retained by a Party or its counsel of record for the purpose of assisting in this case, such as marketing experts, accountants, economists and damages experts, including their staff, but only to the extent that, and for the time

during which, such disclosure becomes necessary for such expert to perform his or her assigned tasks and to be disclosed as required with the standing Scheduling Order and in accordance with Fed. R. Civ. P. 26(a)(2);

e) Any witness in this case, and his or her counsel, but only for the witness's review in preparation for or during his or her deposition or in preparation for his or her testimony in this case;

f) Mediators or similar outside parties and their staffs enlisted by the Parties to assist in the resolution of the claims and defenses of the Parties, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

g) Litigation support vendors retained by counsel for such functions as document collection, processing, management, coding, hosting, review or storage and photocopying, scanning, stenography, videography, imaging or preparation of graphics, demonstratives or other exhibits for deposition, trial or other court proceedings, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

h) Privately retained court reporters, videographers or transcribers employed in connection with this case or proceedings arising out of or related to this case, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

i) The Court and its staff;

5

149532118.1

j) Any person to whom the information justifying the Document's designation as "Confidential" has previously been disclosed by the disclosing Subject Person; and

k) Any other person for whom the Subject Person receiving the information can show good cause, but only upon order of the Court or with advance written permission of the Producing Party.

Notwithstanding the foregoing, this Order will not bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" information in rendering such advice.

10. Subject Persons receiving "Highly Confidential –Attorneys' Eyes Only" Documents may disclose these Documents only to persons identified in Paragraph 9(a), (c), (d) and (f) – (k) above. Notwithstanding the foregoing, this Protective Order will not bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Highly Confidential –Attorneys' Eyes Only" information in rendering such advice.

11. Subject Persons receiving Documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall:

a) Not disclose such Documents except as permitted under this Order;

b) Use those Documents only in this case or in any effort by the Parties to obtain insurance or indemnities related to this case; and

c) Maintain those Documents in a manner reasonably designed to prevent their unauthorized disclosure.

6

149532118.1

12. All Subject Persons receiving any Document designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" under Paragraphs 9(c)-(e), (g), and (k) shall sign an Acknowledgment in the form attached here as Appendix A. Each Subject Person disclosing Documents under Paragraphs 9 and 10 shall maintain signed copies of all Acknowledgments obtained by that disclosing Subject Person. In the event a Party believes, in good faith, that there has been a violation of this Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed Acknowledgment of all persons connected to the suspected violation, which copy shall be produced within seven (7) days of the demand.

13. "Confidential" and "Highly Confidential –Attorneys' Eyes Only" information does not include, and this Protective Order does not apply to, information that has been disclosed by persons and through methods authorized by the information owner to the public or third persons in a manner making such information no longer confidential other than by means of this Protective Order.

14. Nothing in this Order shall prevent the disclosure of Documents designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only:"

        a) by the Producing Party so designating such Documents;

        b) by Subject Persons under terms consented to by the Producing Party designating the Document; or

        c) by Order of the Court, after notice to all affected parties.

15. A Subject Person inadvertently disclosing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Documents without the proper designation may, within fourteen (14) days of learning of such disclosure, substitute properly designated Documents for those

inadvertently disclosed without designation. A Subject Person receiving subsequently designated Documents shall within fourteen (14) days of the receipt of such Documents:

    a) Give notice to each Subject Person to whom the receiving Subject Person disclosed undesignated Documents;

    b) Attempt to retrieve all previously disclosed copies of such Documents; and

    c) Substitute the properly designated Documents.

The inadvertent production of "Confidential" or "Highly Confidential –Attorneys' Eyes Only" information without a designation does not constitute a waiver of the right to claim a "Confidential" or "Highly Confidential –Attorneys' Eyes Only" designation.

16. Any Subject Person who receives from persons not subject to this Order a request or demand otherwise effective under state or federal law for Documents designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" by other Subject Persons shall:

    a) Give written notice to the designating Subject Person and to all Parties within fourteen (14) days of receiving the request or demand; and

    b) Withhold production of the Documents for as long as permitted by law or until authorized to disclose the Documents by the Court or designating Subject Party.

Nothing in this Order, however, shall prevent any Subject Person from, after providing the written notice described in this paragraph, disclosing any such Document by the date indicated by an administrative or court order, demand, summons, subpoena or other request or demand from any governmental agency or grand jury.

8

149532118.1

Case 5:23-cv-00029-BO-RN   Document 51   Filed 01/11/24   Page 8 of 15

17. A Party shall not be obligated to challenge the designation of documents as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" by another Subject Person at the time the Documents are designated, and a Party's failure to challenge the designation at that time shall not preclude a later challenge. Upon a challenge to an assertion of such designation of confidentiality by a Party, the Subject Persons shall try first to resolve such dispute in good faith and on an informal basis. If the Subject Persons cannot resolve their dispute informally, the Subject Person seeking the confidentiality protection shall have the burden of applying to the Court for a protective order specific to those Documents. The Parties reserve the right to dispute whether the attorney-client privilege, work-product doctrine or any other privilege or immunity apply to any documents or information provided by the designating Subject Person and this Protective Order does not waive or limit any right that the receiving Party may have to seek such documents or information.

18. In the interests of streamlining discovery and avoiding unnecessary conflicts between the Parties, if during the course of this case, a Subject Person produces or discloses a Document that the Subject Person claims to be privileged or protected from discovery by the attorney work-product doctrine, the attorney-client privilege or any other privilege or protection, the producing Subject Person will give notice thereof to the receiving Subject Person in writing. Upon receipt of such notice, the receiving Subject Person shall not read or review the contents of the Document that is subject to the notice. Within seven (7) days of receiving such notice, the Document in question will be returned to the producing Subject Person or the receiving Subject Person will certify that any and all copies of the Document have been retrieved and destroyed, and the receiving Subject Person will certify that all portions of any notes and work product quoting or referring to the Document have been deleted or destroyed. If the receiving Subject

9

149532118.1

Person has disclosed the information to others before being notified of the claim of privilege or protection, the receiving Subject Person must take reasonable steps to retrieve and return or destroy the disclosed information. The receiving Subject Person upon receiving a privilege log identifying the document or information remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document caused or resulted in a waiver of any privilege or protection. Moreover, absent a ruling that the Document at issue is not privileged or protected, a receiving Subject Person may not disclose nor make any use whatsoever of the Document or any information disclosed in or derived from the Document at issue. In the interests of effectuating this Protective Order and protecting the efficient process of discovery in this case, Documents produced during the course of this case which are claimed to be privileged or protected and sought to be reclaimed by a Subject Person under this paragraph shall not be used as grounds by any non-party to argue that any waiver of privilege or protection has occurred by virtue of any production. Any analyses, memoranda or notes which were created based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

19. Neither agreeing nor complying with this Order, nor producing or receiving any Document designated "Confidential" or "Highly Confidential –Attorneys' Eyes Only" shall prejudice in any way the rights of:

    a) Any Subject Person to object to the production of documents it considers privileged or otherwise not subject to discovery;

    b) Any Party to object to the authenticity or admissibility into evidence of any documents, testimony or other evidence subject to this Protective Order;

c) Any Subject Person to seek a determination by the Court of whether any Documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" should be subject to the terms of this Protective Order;

d) Any Party to object to the production of documents or information;

e) Any Party to move for an order compelling the production of documents or information; or

f) Any Subject Person to move for modification of this Protective Order.

20. Designated Material may be included, attached or referred to in pleadings, motions, briefs and other documents filed with the Court only in accordance with the Federal Rules of Civil Procedure and the Local Rules. Specifically, before filing any information that has been designated "CONFIDENTIAL" or "Highly Confidential –Attorneys' Eyes Only" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Party that produced the information so designated about how it should be filed. If the Party that produced the information so designated desires that the materials be filed under seal, then the filing Party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Party that initially filed the materials need not file any such Motion to Seal or otherwise defend another Party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public

11

149532118.1

and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the Party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

21. Nothing in this Order shall prevent a Subject Person from using its own Documents designated "Confidential" or "Highly Confidential –Attorneys' Eyes Only" for any purpose. Nothing in this Order shall be construed to prevent a Subject Person who has designated Documents as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" from agreeing to release any such documents, information or materials from the requirements of this Order, and if it decides to do so, it shall notify the other Parties in writing. A Subject Person's rights pursuant to this Order may only be waived by a writing clearly evidencing its intent to waive such rights.

22. After termination of this case, including any and all appeals, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the parties and recipients of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" information for enforcement of the provisions of this Protective Order following the termination of this case. Within sixty (60) days of the final conclusion of this case, including any and all appeals, the Parties shall make reasonable efforts to either:

a) Assemble and return to the Subject Person providing information designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" all such Documents in his or her possession; or

b) Destroy all such Documents in his or her possession, delivering to the Subject Person providing such Documents a written certificate that he or she has complied with this Protective Order.

Notwithstanding the foregoing, at the close of the case, the Parties and their Outside Counsel may (1) retain one set of designated materials to document the substance and disposition of the claims and defenses in this case, and (2) retain designated materials to the limited extent required by their internal document retention policies and procedures and/or their regulatory obligations, so long as such designated materials are held in the strictest confidence and remain subject to the provisions of this Protective Order.

23. The Parties may amend this Protective Order by mutual agreement in a writing signed by an authorized representative of each Party and approved by the Court.

24. The notices required in this Order shall be directed to the Subject Person's counsel of record or, if none, that Subject Person's specifically designated representative.

SO ORDERED, this _10_ day of _Jan._, 2024.

_____
TERRENCE W. BOYLE
United States District Court Judge

13

PROTECTIVE ORDER AGREED UPON AND STIPULATED TO:

| | |
|---|---|
| */s/ Ellis Martin* | */s/ Scott Lewis* |
| Ellis W. Martin | SCOTT LEWIS |
| NC Bar No. 49380 | NC State Bar No. 22167 |
| FOX ROTHSCHILD LLP | BUTLER SNOW, LLP |
| 230 N. Elm Street, Suite 1200 | 6752 Rock Spring Road, Suite 310 |
| PO Box 21927 (27420) | Wilmington, NC 28405 |
| Greensboro, NC 27401 | Telephone: (910) 550-1320 |
| Telephone: 336.378.5226 | Email: Scott.Lewis@butlersnow.com |
| Facsimile: 336.378.5400 | Counsel for Defendants |
| emartin@foxrothschild.com | |
| Local Civil Rule 83.1(d) Counsel for Plaintiff | |

Brett A. Berman, Esquire
Andrew S. Console, Esquire
Identification Nos. 204843/313856
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150
bberman@foxrothschild.com
aconsole@foxrothschild.com
Counsel for Plaintiff

14

149532118.1

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### CIVIL ACTION NO. 5:23-CV-00029-BO-RN

| | |
|---|---|
| GB GROUP, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| AMERICAN TRANSPORTATION GROUP INSURANCE RISK RETENTION GROUP, INC.; PALMETTO CONSULTING OF COLUMBIA, LLC; MICHAEL DAVID HUNTER; AND MATTHEW ALAN HOLYCROSS, | ) ) ) **STIPULATED PROTECTIVE ORDER** ) ) ) ) |
|     Defendants. | ) |

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the Stipulated Protective Order entered in this case (the "Order") and is fully familiar with all of the terms of the Order. I understand that any "Confidential" or "Highly Confidential –Attorneys' Eyes Only" Documents within the meaning of the Order shown to me are confidential, shall be used by me only as designated and provided in the Order, and shall not be disclosed by me unless expressly permitted under the Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Order and agrees to consent to venue and jurisdiction in this case for purposes of enforcement of the Order.

Signature: _____

Print Name: _____

Date Signed: _____